IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CASE NO. 09-743-01 |
| **DANI NEMR TARRAF** | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The government hereby moves for a permanent order of detention with respect to defendant Dani Nemr Tarraf.  Among other things, Tarraf negotiated a deal to supply shoulder-fired missiles and 10,000 machineguns to "the Resistance" by way of Syria or Iran.  On November 20, 2009, Magistrate Judge Timothy R. Rice signed a criminal complaint authorizing the defendant's arrest for (1) conspiracy to acquire missile systems designed to destroy aircraft, in violation of 18 U.S.C. § 2332g, (2) conspiracy to possess machineguns, in violation of 18 U.S.C. § 371, (3) conspiracy to transport stolen goods in interstate/foreign commerce, in violation of 18 U.S.C. § 371, and (4) conspiracy to commit passport fraud, in violation of 18 U.S.C. § 371.  The defendant was arrested in Philadelphia by federal law enforcement officials on November 21, 2009.

On November 24, 2009, a grand jury in this District indicted Tarraf on an array of charges (a total of thirty) prescribing a maximum sentence of life imprisonment: (1) conspiring/attempting to violate the Arms Export Control Act, in violation of 18 U.S.C. § 371 and 22 U.S.C. § 2778; (2) conspiring/attempting to acquire missile systems designed to destroy aircraft, in violation of 18 U.S.C. § 2332g; (3) conspiracy to transport machineguns and destructive devices, in violation of 18 U.S.C. § 371; (4) conspiracy to possess machineguns, in violation of 18 U.S.C. § 371; (5) several conspiracy and substantive charges relating to the transportation of stolen goods in interstate/foreign

commerce, in violation of 18 U.S.C. §§ 371 & 2314; (6) several conspiracy and substantive charges relating to making false statements to government officials, in violation of 18 U.S.C. §§ 371 & 1001; and (7) conspiracy and substantive charges relating to Tarraf's passport fraud, in violation of 18 U.S.C. §§ 371 & 1542.

As discussed herein, Tarraf is both a danger to the community and a risk of flight for purposes of the Bail Reform Act. The evidence at trial will prove that the defendant conspired with others to provide anti-aircraft missiles, machineguns, and other equipment to a terrorist group for the purposes of causing human death and pain. If convicted, Tarraf faces a *mandatory minimum* sentence of 30 years imprisonment and an advisory Sentencing Guidelines range of life imprisonment.

I.   **LEGAL STANDARDS**

Under the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, federal courts are authorized to detain a defendant pending trial upon a finding that the defendant is either a risk of flight or a danger to the community. *See* 18 U.S.C. § 3142(e) ("no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community"). Detention is warranted if the government proves, by merely a preponderance of the evidence, that the defendant is a risk of flight pending trial. United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).[1] Dangerousness is a separate and independent basis for detention.

---

[1] Under the Bail Reform Act, the government is entitled to introduce evidence by proffer in support of its detention motion. *See* 18 U.S.C. § 3142(f)(2)(B) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation of and consideration of evidence at the [detention] hearing."); United States v. Delker, 757 F.2d 1390, 1395-96 (3d Cir. 1985) (government entitled to proceed by proffer in detention hearings); *see also, e.g.,* United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000) (same); United States v. Defede, 7 F. Supp. 2d 390, 393 (S.D.N.Y. 1998) ("[I]t is now clear in this Circuit that the government as well as the defendant may proceed by proffer, which is implicit in the fact that the

The Bail Reform Act prescribes four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release, and (4) the evidence of the defendant's guilt. *See* 18 U.S.C. § 3142(g). In addition, pursuant to 18 U.S.C. § 3142(e)(3)(C), there is a presumption of detention in this case because the defendant was charged with a violation of 18 U.S.C. § 2332g (conspiring to acquire anti-aircraft missiles)— a federal crime of terrorism listed in 18 U.S.C. § 2332b(g)(5), which carries a maximum sentence of life imprisonment. Absent the production of sufficient evidence rebutting that presumption, the defendant must be detained.

## II.   EVIDENCE AT TRIAL

At trial, the government will prove that Dani Tarraf conspired to export anti-aircraft and anti-tank missiles, as well as 10,000 machineguns, to Lebanon by way of Iran or Syria for use by "the Resistance." The evidence at trial — nearly all of it in the form of recorded conversations, e-mail and text messages, photographs[2] or video recordings, and business documents — will also prove that Tarraf knowingly transported hundreds of thousands of dollars of stolen property in interstate and foreign commerce, and that he conspired to obtain a United States passport for some of his associates by fraudulent means. The criminal complaint details some of the strong evidence of Tarraf's guilt.

Following his arrest on November 21, 2009, Tarraf gave a full confession to the charged offenses. In particular, Tarraf admitted that he was working with others to acquire massive

---

rules of evidence are in applicable.") (quotations omitted).

[2]   The government intends to bring sample photographs to the detention hearing on December 7, 2009, and we can make those photographs available in advance to the Court upon request.

quantities of weapons for the benefit of Hizballah, which has been designated as a foreign terrorist organization by the Secretary of State since October 1997. Tarraf admitted that he was a member of Hizballah and that he had received military training from the organization.

### III.   ADDITIONAL FACTORS

In addition to the powerful evidence of Tarraf's guilt (and dangerousness), Tarraf's risk of flight is established by his personal history and characteristics:

- He is a native of Lebanon, a citizen of Germany, and a resident of Slovakia. His ties to this District (or anywhere in the United States) are non-existent except for his criminal activity. He has significant familial ties to all three of these foreign countries, which significantly increases his risk of flight;

- In or about May 2008, Tarraf claimed in a recorded conversation that there were 130 people around the world who worked for him. This suggests that Tarraf would have assistance from several foreign jurisdictions, which would encourage him to flee;

- In furtherance of his work for Power Express S.R.O., Tarraf frequently travels to international destinations, and he maintains extensive business contacts in China and Lebanon — two jurisdictions from which extradition would be extraordinarily difficult, if not impossible.

Tarraf will also be unable to rebut the presumption of his dangerousness. The evidence at trial will show that Tarraf conspired with others to send shoulder-fired missiles (which he claimed to want in order to take down aircraft or helicopters) and *massive* quantity of machineguns (10,000) routed to Lebanon via Syria or Iran. These actions came on the heels of his efforts to obtain additional, sophisticated military equipment, such as night-vision goggles, Glock pistols, anti-tank

missiles, and radios with encryption capability.

Indeed, the seriousness of Tarraf's crimes is self-evident. The seriousness is also reflected in the statute (§2332g), which, as noted above, provides for a *mandatory minimum* sentence of 30 years imprisonment, up to a maximum of life imprisonment. *See* 18 U.S.C. § 2332g(c)(1). It is also reflected in the Sentencing Guidelines. The offense level, pursuant to U.S.S.G. § 2K2.1, is *at least* 53.[3] Even without reference to criminal history category, this places Tarraf, literally, "off the charts" of the Sentencing Guidelines by at least 10 levels and prescribes an advisory sentence of life imprisonment.

## IV.   CONCLUSION

When all of these factors are viewed together, and in light of the applicable presumption in favor of detention, it is clear that no condition or combination of conditions will reasonably assure

---

[3]   This calculation is based on the following analysis, and does not include any sentencing enhancements outside of the applicable Guideline for the charged offense (such as role adjustments or a terrorism enhancement pursuant to §3A1.4):

| | | |
|---|---|---|
| Base Offense Level | 2K2.1(a)(4) | +20 |
| More than 200 guns | 2K2.1(b)(1)(E) | +10 |
| Involved portable rocket &/or missile &/or launcher | 2K2.1(b)(3) | +15 |
| Involved trafficking | 2K2.1(b)(5) | +4 |
| Reason to believe firearms would be used in felony | 2K2.1(b)(6) | +4 |
| | **OFFENSE LEVEL** | **53** |

the defendant's presence as required. Thus, the government respectfully submits that the defendant should be detained pending trial.

<div style="margin-left: 40%;">

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney


_/s/_____
DAVID B. WEBB
Assistant United States Attorney
Chief, Violent Crimes and Terrorism Section


_/s/_____
NANCY BEAM WINTER/STEPHEN A. MILLER
Assistant United States Attorneys

</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 09-743-01 |
| DANI NEMR TARRAF | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this ____th day of December, 2009, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant as required.

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

A.  The government has established by a preponderance of the evidence that Tarraf is a risk of flight.

B.  There is substantial evidence of Tarraf's guilt of the charged crimes. The criminal complaint details some of that evidence including Tarraf's efforts to negotiate the shipment of anti-aircraft and anti-tank missiles, as well as 10,000 machineguns, to Lebanon by way of Iran or Syria for use by "the Resistance." In addition, following his arrest on November 21, 2009, Tarraf gave a full confession to the charged offenses. In particular, Tarraf admitted that he was working with others to acquire massive quantities of weapons for the benefit of Hizballah, which has been designated as a foreign terrorist organization by the Secretary of State since October 1997. Tarraf

admitted that he was a member of Hizballah and that he had received military training from the organization.

   C. Tarraf has no ties to this District or to the United States, in general. By contrast, he has substantial business and personal ties to both Lebanon, Germany, and Slovakia.

   D. In furtherance of his work for Power Express S.R.O., Tarraf frequently travels to international destinations, and he maintains extensive business contacts in China and Lebanon — two jurisdictions from which extradition would be extraordinarily difficult, if not impossible.

   E. As a separate and independent basis for detention, Tarraf is unable to rebut the statutory presumption of his dangerousness. The government represents that the evidence at trial will show that Tarraf conspired with others to send shoulder-fired missiles (which he claimed to want in order to take down aircraft or helicopters) and *massive* quantity of machineguns (10,000) routed to Lebanon via Syria or Iran. These actions came on the heels of his efforts to obtain from an undercover law enforcement officer additional, sophisticated military equipment, such as night-vision goggles, Glock pistols, anti-tank missiles, and radios with encryption capability.

   Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that defendant Dani Nemr Tarraf be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in

charge of the corrections facility in which the defendant is confined deliver them to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE HENRY S. PERKIN
United States Magistrate Judge

Date:   December _____, 2009

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic mail on defense counsel:

> Marc Neff, Esq.
> 1818 Market Street, 13th Floor
> Philadelphia, PA 19103
> 215-563-9800 (phone)
> 215-563-9803 (fax)
> marc@nefflawoffices.com

<p style="text-align:center">_/s/_____<br>
STEPHEN A. MILLER<br>
Assistant United States Attorney</p>

Date:   December 3, 2009